## No. 11,132.

### KINNEY *v.* WITHER, ET AL.

Decided December 7, 1925.

Action by broker for commission on sale of real estate. Judgment of dismissal.

*Reversed.*

1. BILLS AND NOTES—*Promissory Note—Payment.* In the absence of an agreement to that effect, the general, but not universal, rule is that the taking of a note for a debt does not extinguish the original indebtedness or constitute payment thereof. It is merely evidence of the debt.

2. WORDS AND PHRASES—*"Acceptance."* The ordinary meaning of the word "acceptance" embodies both assent and agreement.

3. PLEADING—*Complaint—Ultimate Facts.* The averment in a complaint that defendant "accepted" a promissory note as payment, is an allegation of the ultimate fact, and it was not necessary to aver the evidentiary facts that constituted or proved acceptance.

4. BROKERS—*Real Estate—Commission—Payment.* On sale of a tract of land, a broker was to receive one-half of his commission out of the first payment and the balance out of the second payment. The second payment was evidenced by a promissory note. In a

suit for the balance of the commission, under an allegation of the complaint—admitted by demurrer—that the vendor accepted the note as payment, the broker was entitled to his compensation, and defendant could not complain because he did not attempt to enforce its collection until after judgment on the note.

*Error to the District Court of Routt County, Hon. Charles E. Herrick, Judge.*

Mr. JOSEPH K. BOZARD, Mr. E. D. DESOTO, for plaintiff in error.

Messrs. GOODING & MONSON, for defendants in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is an action by the plaintiff Kinney to recover a balance alleged to be due him from Wither Brothers defendants as his commission for sale of their real estate. The defendants' demurrer to the first complaint because of insufficiency of facts was sustained. Plaintiff thereupon, by leave of court, filed an amended complaint which the defendants moved to strike from the files upon the ground that it in no wise cured the defects of the original pleading. They included in this motion a general demurrer. The trial court sustained defendants' combined motion and demurrer and as plaintiff elected to stand on his amended complaint, the action was dismissed. Plaintiff brings error.

The material facts set forth in the amended complaint are that in August, 1919, the defendants employed the plaintiff to sell, and eight days later he did sell, their 438 acre tract of land for the price and upon the specified terms, for which the defendants agreed to pay the plaintiff as a commission $5.00 per acre or a total sum of $2,190, which commission was to be paid out of the purchase money as follows: "Half out of the first payment and half out of the second payment, unless the first payment was the

sum of Ten Thousand Dollars ($10,000.00)." While the contract provided for a cash payment the amount was not therein fixed. At the time the sale was made the first or initial payment of the purchase price was agreed upon as $5,000, which was to be, and was, made at the time the contract was signed and one-half of the plaintiff's total commission amounting to $1,095 was then due by the terms of the contract and was then paid to the plaintiff by the defendants. At the time of this initial cash payment of $5,000 the vendor defendants "accepted in payment of the second payment or installment of the purchase price for said premises, the promissory note of" the purchasers which "was due on or about the 1st day of January, 1921." This note so accepted as the second payment was not paid when due and the defendants, after its maturity, brought suit thereon and recovered judgment against the makers, purchasers of the property, for the full amount of the note and interest aggregating $5,533.13. Upon an execution sale thereunder the judgment was satisfied to the amount of $3,236.28.

Objections to the order sustaining the demurrer to the original complaint are, under our practice, not now before us and they are not urged by the plaintiff on this review. The only question here for decision is as to the sufficiency of the amended complaint. We think the trial court was in error in holding that it did not state a cause of action. Plaintiff by the contract, if the sale was made to the satisfaction of the defendants, as it was, became entitled to a total commission of $2,190. He received half of it out of the initial cash payment of $5,000 of the purchase price made at the time of the sale. He was entitled to the second half out of the second payment by the purchasers on the purchase price. In the absence of an agreement to that effect, the general, but not universal, rule in this country is that taking a note for a debt does not extinguish the original indebtedness or constitute payment thereof. The note is merely evidence of the debt. _Haley v. Austin_, 74 Colo. 571, 223 Pac. 43. The mere giving to the defendants

by the purchasers of their note of $5,000 to apply on the purchase price does not in and of itself constitute the same as a second payment thereof. But if the vendors gave and the vendees received such note as the second payment, it would and did become, as between the parties, the second payment. The allegation of the amended complaint is that the vendor defendants did accept the vendees' note as the second payment or installment of the purchase price and that on default in payment thereof the payees brought suit thereon and recovered judgment and on execution sale received $3,236.28. The defendants, therefore, before the pending action was brought against them for the second half of plaintiff's commission, had actually received out of the second payment of the purchase price more than three times the balance of the commission sued for. Defendants, however, contend that the averment that they accepted a note as the second payment of the purchase price is a conclusion only, and that to make the complaint good as to this feature the pleader should have stated the facts showing an acceptance. Defendants do not cite any decided case or any text in support of their contention. They admit their search therefor has been futile. We are not surprised that it was not successful. The very definition of "acceptance" answers their argument. See Webster's Unabridged Dictionary, "Acceptance." The ordinary meaning of acceptance embodies both assent and agreement. 1 C. J., p. 378, nn. 84-87. In *State v. Newark, etc. R. R. Co.,* 34 N. J. L. 301, 303, it was held that an averment that defendants "accepted" an act of the legislature necessarily implied that they accepted and agreed to the provisions of the lease embodied in the act and was sufficient as an averment without stating the particular facts relied on to prove acceptance. So in the amended complaint here. The averment therein that defendants "accepted" as the second payment of the purchase price the promissory note of the purchasers necessarily implies that the defendants and the purchasers agreed that the note should be given by the makers and received by the payees as the second payment. "Accept-

ance" is the ultimate fact pleaded and it is not necessary to aver in connection therewith the evidentiary facts that constitute or prove acceptance. If, as alleged, the parties to the sale agreed that the note should be taken in lieu of cash or money as the second payment and that out of the note defendants have received more than three times the amount of the second half of plaintiff's commission, it is too plain for argument, as it seems to us, that plaintiff is entitled to recover here the balance of his commission sued for. It is not sufficient answer which the defendants make in their brief, that if plaintiff's contention is correct the second half of the commission was due at the time the first half thereof was paid. If the plaintiff saw fit not to sue at that time but delayed action until after the makers of the note defaulted in payment and until the payees by judgment and execution sale had realized more than sufficient to pay the second half of the commission, it was plaintiff's privilege and right to grant this indulgence to the defendants. We do not see why defendants have any ground of complaint that the plaintiff did not bring suit immediately upon the breach of the contract, but waited until the defendants had actually received in cash more than sufficient to meet the entire commission, and thereafter brought the action on the note within the limitation of the statute. The judgment is reversed and the cause remanded for a new trial.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.