No. 12,253.

KINNEY *v.* WITHER ET AL.

(295 Pac. 793)

Decided January 19, 1931. Rehearing denied February 9, 1931.

Mr. JOSEPH K. BOZARD, Messrs. MORRISON & DE SOTO, for plaintiff in error.

Messrs. GOODING & MONSON, for defendants in error.

*In Department.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS case has heretofore been before us and is reported in 78 Colo. 366, 242 Pac. 52. The opinion there should be read in connection with this opinion. The record now before us discloses that the defendants Wither and Wither employed the plaintiff Kinney, a real estate

broker, to sell their lands in Routt county, Colorado, and agreed to pay him as a commission for his services the sum of $5 per acre, a total sum of $2,190. The first half of the commission, $1,095, was, by the terms of the contract, to be paid by the defendants to the plaintiff out of the first cash payment of the purchase price, and the second half out of the second payment. The defendants have paid plaintiff only the first half of the commission. The pending action by the broker is to recover of the defendants the second half of the commission which they had refused to pay.

The complaint alleges that the defendants accepted as payment in lieu of the second cash payment of the purchase price the promissory note of the purchasers and later, because of the failure of the purchasers to pay this note, the defendants brought an action against them in the district court of Routt county upon the note and recovered a judgment of more than $5,000, and realized as the result of an execution sale a sum aggregating $3,236.28 and the judgment thereupon was satisfied to that amount. At the trial below, the plaintiff attempted to prove that the commission contract was that the second payment, out of which the second half of his commission was to be realized, was at the time agreed upon between the buyers and the sellers to be taken in lieu of actual or cash payment and the case was submitted to the jury upon that issue.

In the view we take of the case it was not essential to plaintiff's recovery of the second half of the commission to prove to the satisfaction of the jury and the court that the defendants accepted the note of the buyers as the equivalent of actual payment. And this is so because, even if there was no such agreement of acceptance, nevertheless, since the language of the commission contract itself expressly says that the second half of the commission is to be paid out of the second payment by the buyers, when the defendants brought suit against the buyers to recover the second payment of $5,000 and in-

terest and realized out of an execution sale under a judgment much more than the second half of the commission, the defendants were liable.

■ It does not definitely appear from the record that the plaintiff asked a specific instruction directing the jury to return a verdict in his favor, but upon the undisputed evidence before the trial court it should have directed the jury to find for plaintiff upon the conceded fact that the defendants had realized out of the second payment a sum sufficient to pay the second half of the plaintiff's commission. It is in accordance with the contract itself that the parties themselves made, to hold defendants liable in this case because, wholly irrespective of the question of the acceptance or non-acceptance by the defendants of the purchasers' note for the second payment in lieu of cash or money, the plaintiff was entitled to the second half of his commission. It is immaterial, therefore, whether or not the plaintiff in the case established as a fact the allegation of his complaint concerning such acceptance. In law, the defendants received on the second payment a sum, as we have already said, more than sufficient to pay the second half of the plaintiff's commission. The judgment, therefore, of the district court, must be, and it is, reversed, and the cause is remanded to that tribunal with instructions to vacate its judgment and in lieu thereof to enter a judgment in favor of the plaintiff in the sum of $1,095, together with legal interest thereon from the date of the receipt by the defendants of the proceeds of their execution sale, and costs of the action.

Mr. Chief Justice Adams, Mr. Justice Burke and Mr. Justice Alter concur.